The STATE of Ohio, Appellant,

v.

BRANDON, Appellee.

[Cite as *State v. Brandon* (1997), 119 Ohio App.3d 594.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18123.

Decided May 21, 1997.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *Philip Bogdanoff*, Assistant Prosecuting Attorney, for appellant.

*Frank M. Pignatelli*, for appellee.

QUILLIN, Judge.

The state appeals the decision of the Summit County Common Pleas Court suppressing evidence in the prosecution of appellee, Dinero E. Brandon. We affirm.

On June 30, 1996, at approximately 3:30 in the afternoon, Officer Allen Fite, Jr., of the Akron Police Department Street and Narcotics Unit, patrolling in a cruiser with his partner, observed Brandon and another male standing at a corner known for drug activity. As the officers neared the location, they observed Brandon and his companion enter a store on the corner. Several minutes later, the officers decided to speak to them. As they got out of the cruiser, Brandon and the other man left the store and began walking toward the officers.

As the four men approached each other, the officers began questioning Brandon and his companion. Officer Fite asked Brandon if he could pat him down for weapons, and Brandon consented. As Officer Fite felt the left front pocket of Brandon's shorts, he felt something in Brandon's pocket that he testified he recognized to be crack cocaine. Fite handcuffed Brandon, placed him under arrest, and then retrieved from his pocket nine rocks of crack cocaine wrapped in cellophane.

Brandon was thereafter indicted for one count of drug abuse in violation of R.C. 2925.11, and one count of aggravated trafficking in violation of R.C. 2925.03(A)(2). Brandon pleaded not guilty to these charges. He then filed a motion to suppress the crack cocaine that Officer Fite had removed from his pocket. After a hearing on the issue, the trial court granted Brandon's motion to suppress. The state now appeals, assigning as error the court's decision to suppress this evidence.

The United States Supreme Court has said that searches conducted without a warrant, and therefore without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment, subject only to a few specifically established exceptions. *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585. One of these specific exceptions is the "plain feel" exception, which applies when an officer discovers contraband through the sense of touch during an otherwise lawful search. *Minnesota v. Dickerson* (1993), 508 U.S. 366, 375, 113 S.Ct. 2130, 2136–2137, 124 L.Ed.2d 334, 345. Under this exception, "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons." *Id.* at 375, 113 S.Ct. at 2137, 124 L.Ed.2d at 346.

At the suppression hearing in the current case, Officer Fite testified that it was "immediately apparent" to him that the lump in Brandon's pocket was crack cocaine. In her ruling on the motion to suppress, the trial judge made the following finding:

"17. The item Officer Fite claims to have been able to identify that he felt in the pants pocket was rock cocaine. He claims this was 'plain.' This court does not find that credible."

In a suppression hearing, a trial court assumes the role of the trier of fact. It is the trial court, then, that is best situated to determine the credibility of witnesses. We do not intend to suggest that there is no circumstance under which an officer can identify crack cocaine by plain feel; however, it is not this court's task to reevaluate the trial court's determination of witness credibility. The lower court simply did not find Officer Fite's testimony credible, and, the court having so found, the seizure of the cocaine in this instance was not within a legitimate plain-feel exception to the warrant requirement. The evidence was properly suppressed, and appellant's assignment of error is overruled.

*Judgment affirmed.*

DICKINSON, P.J., and BAIRD, J., concur.